IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NEXTPOINT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-03515 |
| | ) | |
| CASE CENTRAL, INC., | ) | Honorable Samuel Der-Yeghiayan |
| | ) | |
| Defendant. | ) | |

## JOINT INITIAL STATUS REPORT

Plaintiff Nextpoint, Inc. ("Plaintiff" or "Nextpoint") and Defendant Case Central, Inc. ("Defendant" or "Case Central") hereby present their Joint Initial Status Report to the Court. Plaintiff is represented by Eric N. Macey (lead trial attorney), Richard L. Miller II and Alexander L. Berg, all of Novack and Macey LLP. Additionally, Plaintiff is represented by John A. Cullis of Neal Gerber Eisenberg LLP. Defendant is represented by William Frimel (lead trial attorney) of Heffernan Seubert & French LLP. Defendant is also represented by both Patrick J. Lamb and Reeghan Raffals of Valorem Law Group.

1.       **Nature of claims and counterclaims.** Plaintiff has filed a five count complaint seeking injunctive and other relief. Count I alleges that Defendant is engaging in unfair competition, in violation of the Lanham Act, by infringing on Plaintiff's protectable trademarks. Count II alleges that Defendant is engaging in false advertising, in violation of the Lanham Act, by making actual and implied misrepresentations concerning innovations made by Plaintiff. Count III alleges that Defendant is violating the Illinois Uniform Deceptive Trade Practices Act by using marks that are likely to confuse and deceive consumers. Count IV alleges that Defendant is violating the Illinois Consumer Fraud and Deceptive Business Practices Act by

using its allegedly infringing marks which are likely to confuse, deceive and injure the public. Count V alleges that Defendant is engaging in unfair competition and trademark infringement, under Illinois common law, by using marks which deceive and confuse consumers. Defendant denies Plaintiff's allegations and disputes whether Plaintiff has protectable trademarks. Defendant does not currently anticipate filing counterclaims, but reserves the right to do so upon discovering additional facts.

2. **Relief sought by plaintiff.** Plaintiff seeks, among other things: (a) a decree that Defendant has violated the aforementioned statutes and laws; (b) a permanent injunction prohibiting the use of the allegedly infringing marks; (c) an order directing Defendant to abandon with prejudice certain trademark applications for the allegedly infringing marks; (d) an order requiring Defendant to deliver materials bearing the allegedly infringing marks for destruction; (e) an order requiring Defendant to publicly acknowledge its goods and services offered under the allegedly infringing marks are not related to Plaintiff; (f) monetary relief appropriately trebled, with interest; (g) punitive damages, with interest; (h) an order requiring Defendant to submit a report indicating compliance with the Court's directives; and (i) attorneys' fees.

3. **Names of parties not served.** None.

4. **Principal legal issues.**

(a) Plaintiff anticipates the principal legal issue in this case will be Defendant's claim that Plaintiff's marks are not protectable; and

(b) Subject to Defendant's limited time to analyze and investigate Plaintiff's allegations, Defendant anticipates the principal legal issues in this case will be whether the Cloud Marks (as defined below) are properly the subject of federal trademark registration; whether the purported marks "Discovery Cloud," "Trial Cloud," and "Preservation Cloud" (collectively the

"Cloud Marks") are non-inherently distinctive or not distinctive; whether the Cloud Marks have obtained a secondary meaning; whether the Cloud Marks are generic; whether the doctrine of Fair Use is applicable; whether Plaintiff has established the elements necessary for its several causes of action; and whether Plaintiff conducted a reasonable and proper investigation before filing suit against Defendant.

5. **Principal factual issues.**

(a) Plaintiff anticipates the principal factual issues in this case will be: (i) Defendant's efforts to obtain unlawfully, and/or take credit for, having the industry's first "Saas" application; (ii) Defendant's improperly adopting the mark "eDiscovery Cloud" after Plaintiff filed a federal trademark application for "DISCOVERY CLOUD"; and (iii) Defendant's attempts to misappropriate Plaintiff's proprietary technology and infrastructure through sending fraudulent e-mails to Plaintiff; and

(b) Subject to Defendant's limited time to analyze and investigate Plaintiff's allegations, Defendant anticipates the principal factual issues in this case will be: has Plaintiff used the Cloud Marks and the words that make up those marks exclusively; the length and manner of use of the Cloud Marks; the amount and manner of advertising of the Cloud Marks; Plaintiff's sales and number of customers since its use of the Cloud Marks; Plaintiff's place in the market; whether there was intentional copying; which of Defendant's statements are at issue; which of Defendant's statements are truthful, which of Defendant's statements are material; are discriminating and sophisticated consumers of the parties' services confused and/or mislead by Defendant's statements and use of its own marks; whether the word "cloud" is ubiquitous in the realm of computing; the nature of the services offered by the parties and when those services were first offered; whether any of the parties' marketing statements are false or misleading; and

whether Plaintiff conducted a reasonable and proper investigation before filing suit against Defendant.

6. **List of pending motions and brief summary of bases for motions.** None.

7. **Description of discovery requested and exchanged.** No discovery has been requested or exchanged as of the time of the filing of this report.

8. **Type of discovery needed.** The Parties will serve and respond to interrogatories, document requests and requests to admit. Depositions will be taken of fact witnesses. The total number of fact depositions, to collectively be taken by both parties, will likely be between eight and twelve. In addition, the parties expect to identify experts in accordance with Rule 26 and conduct discovery relating thereto.

9. **Proposed deadlines.** The Parties jointly propose the following deadlines: (a) production of Rule 26(a)(1) disclosures on or before September 24, 2010; (b) written discovery and fact depositions to be completed on or before April 12, 2011; (c) parties to serve expert report(s) on or before May 17, 2011; (d) responses to expert report(s) to be served on or before June 7, 2011; (e) expert depositions, if any, to be completed on or before July 12, 2011; (f) dispositive motions to be filed on or before July 25, 2011, with responses due August 15, 2011, and replies due September 2, 2011; (g) motions in limine to be filed on or before September 19, 2011; and (h) responses to motions in limine and Final Pretrial Order to be completed on or before October 3, 2011.

10. **Estimation of when the case will be ready for trial.** This case should be ready for trial by October 17, 2011.

11. **Probable length of trial.** The Parties anticipate that the trial of this case will last approximately five (5) days.

12. **Request for jury trial.** Plaintiff has requested a jury trial. Defendant reserves.

13. **Settlement discussions.** Counsel for the Parties have discussed settlement. However, no settlement has been reached.

14. **Consent to proceed before Magistrate Judge.** The Parties unanimously consent to proceed before the Magistrate Judge for all matters prior to motions in limine and the commencement of trial. They remain open to the possibility of consenting to proceed before the Magistrate Judge for purpose of pre-trial motions and trial.

Respectfully submitted,

| | |
|---|---|
| /s/ Richard L. Miller II | /s/ Patrick J. Lamb |
| Eric N. Macey<br>Richard L. Miller II<br>Alexander L. Berg<br>NOVACK AND MACEY LLP<br>100 North Riverside Plaza<br>Chicago, IL 60606<br>(312) 419-6900 | Patrick J. Lamb<br>Reeghan Raffals<br>VALOREM LAW GROUP<br>35 E. Wacker Dr., Suite 3000<br>Chicago, IL 60601<br>(312) 676-5462 |
| John A. Cullis<br>NEAL GERBER EISENBERG LLP<br>Two N. LaSalle St., Suite 2200<br>Chicago, IL 60602<br>(312) 269-5988 | William Frimel<br>(pro hac vice pending)<br>HEFFERNAN SEUBERT & FRENCH LLP<br>1075 Curtis Street<br>Menlo Park, CA 94025<br>(650) 322-3048 |
| ATTORNEYS FOR PLAINTIFF<br>NEXTPOINT, INC. | ATTORNEYS FOR DEFENDANT<br>CASE CENTRAL, INC. |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 4th day of August 2010, the foregoing was electronically transmitted to the Court Clerk of the U.S. District Court, N.D. of Illinois, for filing and electronic notice, and via facsimile, to the following ECF registrants:

>Patrick J. Lamb
>Reeghan Raffals
>VALOREM LAW GROUP
>35 E. Wacker Dr., Suite 3000
>Chicago, IL 60601
>(312) 676-5462
>Fax: (312) 676-5499

>>/s/Richard L. Miller II
>>Richard L. Miller II